UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ACCOR FRANCHISING NORTH AMERICA, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:12CV541 HEA |
| GEMINI HOTELS, INC., and GEORGE SHIPMAN, | ) ) ) ) | |
| Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Fraud Counterclaim Pursuant to Federal Rule 9(b), [Doc. No. 17]. Defendant has failed to respond to the Motion. For the reasons set forth below, the motion is granted.

### Introduction

Plaintiff filed this action seeking to recover for alleged breaches of a franchise agreement between Plaintiff and Defendant Gemini and for a breach of an alleged personal guaranty executed by Defendant Shipman in favor of Plaintiff in the event of default by Defendant Gemini.

### Facts and Background[1]

---

[1] This recitation of facts is taken from the Complaint filed herein and is set forth for the purposes of this Memorandum and Order only. The recitation in no way relieves the parties of

Plaintiff alleges that it is one of the largest franchisors of motels in the United States.  It has developed a widely known system for establishing and operating motels in the budget segment of the lodging market, operating under the trade name, MOTEL 6® (the "**System**").  ACCOR's company-owned and franchised motels are identified and distinguished by the System.

Plaintiff alleges that it is the owner of the following well-known and famous trademarks, service marks, designs, logos, colors, color patterns and business methods for use in the System, and for promotion of ACCOR motel services, products, programs and marketing, which are on the principal register of the United States Patent and Trademark Office (the "**MOTEL 6®**

**Marks**").

ACCOR claims it has the exclusive right to sublicense the use of the MOTEL 6® Marks, and that it or its predecessors have continuously used each of the MOTEL 6® Marks since the date of their registration, and these marks are in full force and effect pursuant to 15 U.S.C. § 1065.

Further alleged in the Complaint is that Plaintiff has given notice to the public of the registration of the MOTEL 6® Marks as provided in 15 U.S.C. § 1111.

---

the necessary proof of the alleged facts in later proceedings.

Through its franchise system, Plaintiff  markets, promotes, and provides services to its motel franchisees throughout the United States. In order to identify the origin of their motel services and to promote the MOTEL 6 brand name, Plaintiff allows its franchisees to operate under the MOTEL 6® Marks and System.  Plaintiff alleges that it  has invested substantial effort over a long period of time, including the expenditure of millions of dollars, to develop goodwill in the MOTEL 6® Marks to cause consumers throughout the United States to recognize the MOTEL 6® Marks as distinctly designating MOTEL 6 motel services as originating with Plaintiff.

On May 19, 2010, Plaintiff  and Defendant GEMINI entered into a franchise agreement, whereby Plaintiff granted GEMINI the right to use the MOTEL 6® Marks and System in the operation of a MOTEL 6 at 97 Ozark Drive, Cuba, Missouri 65453. ("**MOTEL 6 # 4577**"). Pursuant to Exhibit A of the Franchise Agreement, GEMINI was obligated to operate its MOTEL 6 motel for a period of fifteen (15) years (the "**Franchise Term**").  Pursuant to Section 5 of the Franchise Agreement, GEMINI agreed to comply with Plaintiff's System Standards and not to deviate from them, including achieving passing quality assurance scores on all inspections and evaluations ("**Good Standing**").

Further, pursuant to Section 4.2 of the Franchise Agreement, GEMINI

- 3 -

agreed to pay to Plaintiff, among other things, a monthly franchise royalty fee equal to four percent (4%) of the gross room revenues earned during the preceding calendar month, during the Franchise Term ("**Royalty Fees**").  Pursuant to the Addendum to the Franchise Agreement, Plaintiff agreed to reduce Defendant GEMINI's Royalty Fees to two percent (2%) of the gross room revenues earned during the preceding calendar month, for the initial three (3) years of the Franchise Term, which was conditioned upon GEMINI remaining in Good Standing ("**Reduced Royalty Fee**").

Pursuant to Section 4.3 of the Franchise Agreement, GEMINI agreed to pay to Plaintiff a monthly Marketing and Reservation Contribution equal to three and one-half percent (3.5%) of the gross room revenues earned during the preceding calendar month, subject to minimum and maximum requirements ("**MAR Contributions**").

According to Section 4.4 of the Franchise Agreement, GEMINI agreed to pay to Plaintiff four percent (4%) of its gross WelcomeCard revenues generated by the WelcomeCard loyalty program ("**WelcomeCard Fees**").

GEMINI agreed to reimburse Plaintiff on a monthly basis for the amounts of any travel agency commissions, airline reservation system fees, fees associated with the use of other electronic booking systems by ACCOR guests, and other

third party fees that were paid by Plaintiff on GEMINI's behalf in connection with reservations at MOTEL 6 # 4577 ("**Booking Fees and Commissions**")(Royalty Fees, Reduced Royalty Fees, MAR Contributions, WelcomeCard Fees, and Booking Fees and Commissions are collectively referred to herein as "**Franchise Fees**"), according to Section 4.5 of the Franchise Agreement.

Under Section 4.7 of the Franchise Agreement, GEMINI agreed to pay interest on all past due payments, from the date due to the date paid, at the lower rate of either the highest rate allowed by law, or one and half percent (1.5%) per month ("**Interest**").  GEMINI also agreed to pay a fifty dollar ($50.00) late fee for each monthly Franchise Fees payments due and not received by the twentieth (20th) day of the month ("**Late Fees**").

Under Section 9.5 of the Franchise Agreement, GEMINI agreed to allow Plaintiff to review and audit its business records, bookkeeping and accounting records, sales and income tax records and returns, and other records to verify the gross revenues earned and reported to Plaintiff, Franchise Fees, and other fees due to ACCOR ("**Audit**").

Pursuant to Exhibit C of the Franchise Agreement, GEMINI agreed to obtain and maintain at its sole cost and expense, insurance listed in the agreement ("**Insurance**").

During the term of the Franchise Agreement, GEMINI was permitted to use the MOTEL 6® Marks and System in association with the operation of MOTEL 6 # 4577, provided that the terms of the Franchise Agreement were fully and timely performed by GEMINI.  Section 14 of the Franchise Agreement specifies GEMINI's obligations in the event of termination or expiration of the Franchise Agreement, including its obligation to immediately cease using the System and all of the MOTEL 6® Marks, to pay all amounts then owing to Plaintiff, and to allow an Audit ("**Post-Termination Obligations**").

In conjunction with signing the Franchise Agreement, individual Defendant SHIPMAN provided Plaintiff with a personal guaranty of GEMINI's obligations under the Franchise Agreement ("**Guaranty**"). The Guaranty is incorporated in the Franchise Agreement.  Defendant SHIPMAN individually and personally guaranteed to Plaintiff the prompt payment and performance of all obligations of GEMINI under the Franchise Agreement.

Plaintiff alleges that Defendant Gemini repeatedly breached the Franchise Agreement and as a result, Plaintiff claims to have been damaged.  Plaintiff seeks monetary damages and an audit and accounting.  Plaintiff further alleges that its trademarks have been infringed and diluted by Defendants, that Defendants have engaged in false advertising and have engaged in unfair competition by reason of

their failure to abide by the Franchise Agreement.

Defendants answered, and filed counterclaims against Plaintiff, alleging that Plaintiff, through its "representative or salesperson" made false assertions regarding the increase in business Defendants could expect to realize if it used the Motel 6 brand and system.  Defendants allege that they relied on Plaintiff's representations and that the representations were misrepresentations and were in fact false.

Plaintiff moves to dismiss the Counterclaims for failure to specifically allege the elements of fraud.

## Discussion

Under Rule 9(b) of the Federal Rules of Civil Procedure, fraud must be pled with particularity.  Specifically, Rule 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed.R.Civ.P. Rule 9(b).

> A plaintiff who makes allegations based on fraud must state with particularity the circumstances constituting the fraud; although malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Fed.R.Civ.P. 9(b); *Summerhill v. Terminix, Inc.,* 637 F.3d 877, 880 (8th Cir.2011). . . . The level of particularity required depends on the nature of a case. *BJC Health Sys. v.*

- 7 -

>*Columbia Cas. Co.,* 478 F.3d 908, 917 (8th Cir.2007). However,
>"[c]onclusory allegations that a defendant's conduct was fraudulent
>and deceptive are not sufficient to satisfy the rule." *Id.* (citation
>omitted). Instead, the complaint must set forth the "who, what, when,
>where, and how" surrounding the alleged fraud. *United States ex rel.
>Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir.2006).

*E-Shops Corp. v. U.S. Bank Nat. Ass'n,* 678 F.3d 659, 663 (8th Cir. 2012); *United*

*States ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir.2006)("To satisfy the

particularity requirement of Rule 9(b), the complaint must plead such facts as the

time, place, and content of the defendant's false representations, as well as the

details of the defendant's fraudulent acts, including when the acts occurred, who

engaged in them, and what was obtained as a result."

Defendants' Counterclaim fails to satisfy Rule 9's pleading requirements.

Defendants use the words noted in the Rule, *eg.* misrepresentation, false assertions

reliance, but Defendants fail to set forth any designation of specific persons,

statements, timing, circumstances surrounding the alleged statements, and how

they were injured by the alleged fraudulent actions. Defendants have merely set

out extremely vague references of unidentified "representative and/or salesperson"

who "requested" actions by Defendants for "changes" outside the Franchise

Agreement. Defendants have failed to plead any facts substantiating their claims.

Defendants have not satisfied the pleading requirements of Rule 9(b); there is no

delineation of the who, what, when, where, nor how of the alleged fraud.

<u>**Conclusion**</u>

_____In light of Defendants' failure to satisfy the pleading requirements of Rule 9(b), Plaintiff's Motion to Dismiss Defendants' Counterclaim is well taken, and is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Fraud Counterclaim Pursuant to Federal Rule 9(b), [Doc. No. 17), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Counterclaims are **DISMISSED**.

Dated this 23rd day of October, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE